## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIKA NELSON | ) | |
| *Plaintiff.* | ) | CIVIL ACTION NO. 4-13CV-504-4 |
| v. | ) | |
| | ) | |
| MIDLAND FUNDING, LLC | ) | |
| *Defendant.* | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| MIDLAND CREDIT | ) | |
| MANAGEMENT, INC. | ) | |
| *Defendant.* | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## NATURE OF ACTION

1.   This is an action for statutory damages brought by an individual Plaintiff, Erika Nelson for Defendants', Midland Funding, L.L.C. and Midland Credit Management, Inc. violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## JURISDICTION

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681(p).

3.   All conditions precedent to the bringing of this action, have been performed.

## VENUE

4.   Venue of this suit lies in Tarrant County, Texas, for the following reasons:

    a.   Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), the occurrences which give rise to this action occurred in Tarrant County, Texas and Plaintiff resides in Tarrant County, Texas.

    b.   Venue is also proper because Defendant does business in Tarrant County, Texas and all of the occurrences that form the basis of this suit occurred in Tarrant County, Texas.

## PARTIES

5.   The Plaintiff in this lawsuit is Erika Nelson, a natural person, who resides in the State of Texas, in the County of Tarrant, and City of Fort Worth.

6.   The Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and FCRA, 15 U.S.C. § 1681a(d).

7.   The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

8.   Defendant Midland Funding, LLC (herein after "Midland Funding") is a foreign limited liability company organized and existing under the laws of the Delaware.  Midland Funding's principal office is located at 8875 Aero Drive, San Diego, CA 92123.  Midland Funding is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activities in Texas.  Midland Funding may be served with process by serving its registered agent for service of process: Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

9.  The Defendant Midland Credit Management, Inc. (herein after "MCM") is a foreign corporation organized and existing under the laws of the State of Kansas.  MCM principal office located at 8875 Aero Drive, San Diego, CA 92123.  MCM is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activities in Texas.  MCM may be served with process by serving its registered agent for service of process: Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

10. Defendants' are entities who at all relevant times was engaged, by use of the mails, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Defendants' are a "debt collector" as defined by 15 U.S.C. § 1962a(6).

12. The Defendants' regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

13. Plaintiff obtained her consumer credit report from Experian consumer credit reporting agency in November 2012, and found entries by entities that she was unfamiliar with.

14. In November 2012, Plaintiff discovered that Defendant Midland Funding had placed an alleged account on her Experian consumer credit report regarding a consumer debt they were attempting to collect.

15. At all relevant times, Defendants' are attempting to collect an alleged consumer debt from Plaintiff for an alleged non-existent debt in the amount of $187.59, account number

8548936199, which allegedly arouse from a transaction with T-MOBILE who is an entity other than Defendants'. (herein after collectively the "Account").

16. The alleged Account at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Plaintiff has never had any business relationship of any kind with Defendants', Midland Funding and MCM.

18. Defendant Midland Funding placed the alleged Account on Plaintiff's Experian consumer credit report without any written and/or oral notification.

19. Defendants' reporting of the alleged Account to Plaintiff's consumer credit report was an initial communication and an attempt to collect the alleged Account, Defendants' failed to notify Plaintiff within 5 (five) days with the required disclosures pursuant to FDCPA, 15 U.S.C. § 1692g(a)(1)(2)(3)(4)(5).

20. On November 30, 2012, Plaintiff sent a notice to Experian consumer credit reporting agency via United States Postal Service certified mail disputing the alleged Account. Experian consumer credit reporting agency received the letter on December 4, 2012 at 3:04 p.m.

21. As a result of the dispute sent on November 30, 2012, Experian reported the alleged Account was updated and would remain.

22. On December 03, 2012, Plaintiff sent a notice to Defendants' MCM and Midland Funding via United States Postal Service certified mail disputing the alleged Account and demanding Defendants' cease and desist from any further collection activities until they validated the alleged Account.

23. Plaintiff disputes owing the alleged Account and/or consumer debt.

24. Plaintiff has no recollection of owing any debt to MCM and Midland or T-MOBILE.

25. Plaintiff's dispute on December 03, 2012 of the alleged Account Defendants' placed on her Experian consumer credit report was within 30 day of discovery of the alleged Account in November 2012 as required by the FDCPA, 15 U.S.C. § 1692g.

26. Defendants' received the dispute letter sent by Plaintiff on December 06, 2012 at 9:14 a.m.

27. On December 10, 2012 Defendant MCM sent a response via United States Postal Service First Class Mail in response to Plaintiff request, Defendant stated "Please understand this is a communication from a debt collector. This is an attempt to collect a debt.  Any information obtained will be used for that purpose".

28. In letter date December 10, 2012 sent by Defendant MCM, **did not** provided and/or attached a copy of any alleged statements with signed verification or accounting of the alleged account or copy of any signed contract or agreement.

29. In letter dated December 10, 2012 sent by Defendant MCM, Defendant did not provide any computer printout setting forth the amount of the deb, the services provided/description of the transactions, or the dates on which the debts were incurred.

30. There was no complete general ledger accounting of all interest expenses, fees, if any, credits and/or any other adjustments made to/on the alleged account up to the time of the demand for payment by Defendants' MCM and Midland Funding to indicate a true and correct balance due on the alleged account.

31. Defendants' provided Plaintiff no extrinsic evidence of the alleged Account, either in its initial demands for payment or subsequent verification letter.

32. Defendant's failed to provided Plaintiff any verified evidence or documentation regarding the alleged Account and is impossible for Plaintiff to determine if Defendants' are dunning the wrong person and/or collecting a debt that has already been paid.

33. Defendant did not advise Plaintiff that T-MOBILE had verified the balance to be true, correct, and still owing regarding the alleged Account.

34. Upon Information and belief, Defendants' did not contact T-MOBILE and verify the nature, status, and balance of the debt regarding the alleged Account.

35. Further, upon information and belief, Defendants' did not check its own records to verify the alleged Account.

36. Nothing in Defendants' December 10, 2012 letter gives Plaintiff the confidence that Defendant confirmed that it is not dunning the wrong person and/or collecting a debt which has already been paid.

37. Defendants' did not verify the Account as it deceptively claimed to Plaintiff it had.

38. In light of Plaintiffs disputes to Defendants' Midland Funding and MCM, Defendants' knew, or should have known, that the alleged Account was non-existent.  Defendants' failed to reinvestigate and direct Experian consumer reporting agency to delete the inaccurate information regarding the alleged Account.  Defendants' continue to report the alleged Account to Plaintiff's Experian consumer credit report.

39. On January 05, 2013 Plaintiff sent a letter in response via United States Postal Service certified mail informing Defendant MCM said actions were a violation of The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

40. Defendants' responded with a letter dated January 10, 2013 and again stated that "Please be advised that we have determined that our credit file and credit reporting of the about

referenced account is accurate, and therefore we deny the inaccuracy of the disputed item" and **did not** provide and/or attached a copy of any statements with signed verification or accounting of the alleged account or copy of any signed contract or agreement.

41. On the letter send by Defendants' on January 10, 2013, Defendants' stated "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose".

42. On February 19, 2013 Plaintiff sent a second letter via United States Postal Service certified mail to Defendant MCM in an effort to mitigate statutory damages and reach a settlement prior to litigation for their violations.

43. Defendants' responded with a letter dated March 13, 2013 and **simply mimicked the previous responses sent to Plaintiff on December 10, 2012, January 10, 2013, and March 13, 2013. (Emphasis Added)**

44. On the letter send by Defendants' on March 13, 2013, Defendants' stated "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose".

45. Defendants' MCM and Midland Funding provided Plaintiff no copies of any statements with signed verification or accounting of the alleged account or copy of any signed contract or agreement yet continued to attempt to collect on the alleged debt, specifically by letters on December 10, 2012, January 10, 2013, and March 13, 2013 and Defendants' continue to report the alleged Account to Experian consumer reporting agency as accurate for the months of February 2012, March 2013, April 2013, May 2013, and June 2013, despite Plaintiff's numerous disputes.

46.  Plaintiff sent numerous dispute letters during the months of January 2013, April 2013, and June 2013 to Experian consumer reporting agency regarding the alleged Account being reported by Defendants' and each dispute resulted with a response stating the Account has been updated and would remain.

47. Plaintiff alleges that Defendants' failed to properly investigate and/or re-investigate the alleged Account when Plaintiff sent numerous disputes to Experian consumer reporting agency in violation of Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

48. Based on a non-existent alleged debt, Defendants' MCM and Midland Funding know that Plaintiff does not owe any money to Defendants' and continues collection activity on the alleged Account and reporting the non-existent alleged Account as accurate to Experian consumer credit reporting agency.

49. If Defendants' had performed the reasonable reinvestigation required by federal law, they would have known definitively that the information they were furnished was inaccurate and should have been removed from the Plaintiff's Experian consumer credit report.

50. Each Defendant actively participated in the acts or omissions which are the subject of this suit and sought to benefit from this actions alleged in this complaint.

51. Defendants' actions in attempting to collect the alleged consumer debt were harassing, and highly deceptive.

52. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

<u>**COUNT I**</u>

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
BY DEFENDANT MIDLAND FUNDING, LLC**

53. Paragraphs 1 through 52 are re-alleged as though fully set forth herein.

54. Defendant's aforementioned conduct violated the FDCPA.

55. Defendant Midland Funding blatantly violated 15 U.S.C. § 1692g in multiple ways be making a collection demand and not providing the disclosures required in 15 U.S.C. § 1692g(a)(1)(3)(4)(5).

56. Defendant Midland Funding actions of making attempts to collect on a non-existent alleged Account and reporting the non-existent alleged Account on Plaintiff's Experian consumer report after validation was requested and not properly provided, said action is a violation of 15 U.S.C. § 1692d, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692g(b).

57. Defendant Midland Funding actions of continuing to communicate the false Account to Plaintiff's Experian consumer report after numerous disputes was to harass and/or coherence Plaintiff into paying a non-existent alleged Account, is a violation of 15 U.S.C. § 1692d.

58. Defendant Midland Funding actions of communicating false credit information, including the failure to communicate that the alleged Account is disputed is a violation of 15 U.S.C. § 1692e(8).

59. Defendant Midland Funding actions of making attempts to collect on the alleged Account not authorized by an agreement creating a debt or permitted by law is a violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendant violated the FDCPA and/or admission from the

Defendant(s) that they violated the FDCPA;

b)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed

under the law;

e)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.**

60. Paragraphs 1 through 59 are re-alleged as though fully set forth herein.

61. Defendant's aforementioned conduct violated the FDCPA.

62. Defendant MCM blatantly violated 15 U.S.C. § 1692g in multiple ways be making a

collection demand and not providing the disclosures required in 15 U.S.C. §

1692g(a)(1)(3)(4)(5).

63. Defendant MCM actions of making attempts to collect on a non-existent alleged Account

and reporting the non-existent alleged Account on Plaintiff's Experian consumer report

after validation was requested and not properly provided, said action is a violation of 15

U.S.C. § 1692d, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15

U.S.C. § 1692g(b).

64. Defendant MCM actions of continuing to communicate the false Account to Plaintiff's Experian consumer report after numerous disputes was to harass and/or coherence Plaintiff into paying a non-existent alleged Account, is a violation of 15 U.S.C. § 1692d.

65. Defendant MCM actions of communicating false credit information, including the failure to communicate that the alleged Account is disputed is a violation of 15 U.S.C. § 1692e(8).

66. Defendant MCM actions of making attempts to collect on the alleged Account not authorized by an agreement creating a debt or permitted by law is a violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

f)   Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

g)   Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

h)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

i)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

j)   Awarding such other and further relief as the Court may deem just and proper.

<u>**COUNT III**</u>

**VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY DEFENDANT MIDLAND FUNDING, L.L.C.**

67. Plaintiff realleges and incorporates paragraphs 1 through 66 as though fully set forth herein.

68. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

69. Experian are consumer reporting agencies within the meaning of FCRA, 15 U.S.C. § 1681a(f).

70. Midland Funding is a furnisher of information within the meaning of Fair Credit Reporting Act, 15 U.S.C. 1681s-2.

71. Consumer report is a consumer report within the meaning of the FCRA, 15 U.S.C. §1681a(d).

72. Midland Funding violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to the MIDLAND FUNDING, LLC representation within Plaintiff's credit file with Experian, Transunion, and Equifax without also including a notation that this debt was disputed;

73.  Midland Funding violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the MIDLAND FUNDING, LLC representation.

74. Midland Funding violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to accurately respond to Experian, Transunion, and Equifax.

75. Midland Funding violated Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the MIDLAND FUNDING, LLC representations to the consumer reporting agency.

76. Midland Funding conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

77. The Plaintiff is entitled to recover costs and any attorney's fees from MCM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FCRA and/or admission from the Defendant(s) that they violated the FCRA;

b) Awarding Plaintiff statutory damages in the amount of $1,000.00 per month per reporting agency that erroneous and derogatory information was contained in Plaintiff's credit files as a result of Defendant's actions, pursuant to 15 U.S.C § 1681n;

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff is entitled to and hereby demands trial by jury.

Dated:  July 23, 2013

Respectfully Submitted,

_/s/ *Erika Nelson*__
Erika Nelson
1716 Cherbough Drive
Apartment 1801
Fort Worth, Texas 76120
(817) 717-0431
erikanelson09@yahoo.com

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by United States Postal Service mail 23 day of July, 2013.


McGlinchey Stafford
c/o Gregg Stevens
2711 N. Haskell Ave, Suite 2750, LB 38
Dallas, TX 75204


Respectfully Submitted,



 /s/ Erika Nelson_____
ERIKA NELSON
1716 Cherbough Drive
Apt 1801
Fort Worth, Texas 76124
(817) 717-0431
erikanelson09@yahoo.com