**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ERIKA NELSON,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:13-CV-504-Y** |
| | § | |
| | § | |
| **MIDLAND FUNDING, LLC and** | § | |
| **MIDLAND CREDIT MANAGEMENT,** | § | |
| **INC.** | § | |
| | § | |
| **Defendants.** | § | |

**MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Midland Funding, LLC and Midland Credit Management, Inc. ("Midland Defendants") file this, their Answer to Plaintiff's  First Amended Complaint (the "Complaint") and show the court as follows:

**NATURE OF ACTION**

1.      The Midland Defendants admit that the Plaintiff is seeking statutory damages for alleged violations of the FDCPA and the FCRA as alleged in paragraph 1 of the Complaint but deny that any such violations took place and further deny that the Plaintiff is entitled to any relief.

**JURISDICTION**

2.      No response is necessary to paragraph 2 of the Complaint because no allegations are asserted.  To the extent a response is required, the Midland Defendants admit that this Court

has jurisdiction.  The Midland Defendants further deny that any violations of 15 U.S.C. § 1692 or 15 U.S.C. § 1681 occurred.

3.      The Midland Defendants lack information to admit or deny the allegations contained in paragraph 3 of the Complaint and therefore the allegations are denied.

## VENUE

4.      The Midland Defendants admit the allegation contained in paragraph 4 of the Complaint to the extent that venue is proper in this judicial district.  The Midland Defendants deny the remaining allegations contained in paragraph 4 of the Complaint.

## PARTIES

5.      The Midland Defendants lack information to admit or deny the allegations contained in paragraph 5 of the Complaint; although, the Midland Defendants admit that Plaintiff is a natural person.

6.      The Midland Defendants lack information to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore, the allegations are denied.

7.      The Midland Defendants lack information to admit or deny the allegations contained in paragraph 7 of the Complaint, and therefore, the allegations are denied.

8.      The Midland Defendants admit the allegations contained in paragraph 8 of the Complaint to the extent that Midland Funding may be served through its registered agent and that Midland Funding is organized under the laws of Delaware.  The Midland Defendants deny the remaining allegations contained in paragraph 8 of the Complaint.

9.      The Midland Defendants admit the allegations contained in paragraph 9 of the Complaint to the extent that MCM is a foreign corporation, organized under the laws of Kansas, and is registered to engage in debt collection activities in Texas.  The Midland Defendants deny the remaining allegations contained in paragraph 9 of the Complaint.

10.     The Midland Defendants deny the allegations contained in paragraph 10 of the Complaint.

11.     The Midland Defendants lack information to admit or deny the allegation contained in paragraph 11 of the Complaint and therefore the allegations are denied.  The Midland Defendants further state they lack information to admit or deny whether Midland Credit Management is considered a debt collector with regards to the account of Plaintiff and that Midland Funding is not a debt collector.

12.     The Midland Defendants deny the allegations contained in paragraph 12 of the Complaint.

## FACTUAL ALLEGATIONS

13.     The Midland Defendants lack information to admit or deny the allegations contained in paragraph 13 of the Complaint, and therefore, the allegations are denied.

14.     The Midland Defendants lack information to admit or deny the allegations contained in paragraph 14 of the Complaint, and therefore, the allegations are denied.

15.     The Midland Defendants deny the allegations contained in paragraph 15 of the Complaint.

16.     The Midland Defendants lack information to admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore, the allegations are denied.

17.     The Midland Defendants lack information to admit or deny the allegations contained in paragraph 17 of the Complaint and therefore the allegations are denied.

18.     The Midland Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.     The Midland Defendants deny the allegations contained in paragraph 19 of the Complaint.

20.     The Midland Defendants lack information to admit or deny the allegations contained in paragraph 20 of the Complaint, and therefore, the allegations are denied.

21.     The Midland Defendants lack information to admit or deny the allegations contained in paragraph 21 of the Complaint, and therefore, the allegations are denied.

22.     The Midland Defendants admit to receiving a letter from Plaintiff dated December 3, 2012 where Plaintiff disputed the Account and requested validation.  The Midland Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23.     The Midland Defendants admit the allegations contained in paragraph 23 of the Complaint to the extent that Plaintiff disputes owing the alleged account.

24.     The Midland Defendants lack information to admit or deny the allegations contained in paragraph 24 of the Complaint, and therefore, the allegations are denied.

25.     The Midland Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     The Midland Defendants admit to receiving the letter sent by Plaintiff dated December 3, 2012.  The Midland Defendants lack information to admit or deny the specific time the letter was received; therefore, the Midland Defendants deny the remaining allegations contained in paragraph 26.

27.     The Midland Defendants admit the allegations contained in paragraph 27 of the Complaint.

28.     The Midland Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     The Midland Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.     The Midland Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.     The Midland Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.     The Midland Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     The Midland Defendants deny the allegation contained in paragraph 33 of the Complaint.

34.     The Midland Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     The Midland Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     The Midland Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     The Midland Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.     The Midland Defendants deny the allegations contained in the first and second sentences of paragraph 38 of the Complaint. The Midland Defendants admit the allegations contained in the third sentence of paragraph 38 of the Complaint to the extent that it is still reporting the Account.   However, although the Midland Defendants further state that it is reporting the Account as disputed.

39.     The Midland Defendants admit receiving Plaintiff's letter dated January 4, 2012 [sic] and state that Plaintiff's letter speaks for itself.   The Midland Defendants deny any remaining allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     The Midland Defendants admit that MCM sent a letter to Plaintiff dated January 10, 2013 and admit that the letter speaks for itself.    The Midland Defendants deny any remaining allegations contained in paragraph 40 of the Complaint.

41.     The Midland Defendants admit that MCM sent a letter to Plaintiff dated January 10, 2013 and admit that the letter speaks for itself.  The Midland Defendants deny any remaining allegations contained in paragraph 41 of Plaintiff's Complaint..

42.     The Midland Defendants admit that Plaintiff sent a letter dated February 19, 2013 and admit that the letter speaks for itself.  The Midland Defendants deny any remaining allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     The Midland Defendants admit that MCM sent a letter to Plaintiff dated March 13, 2013 and admit that the letter speaks for itself.  The Midland Defendants deny any remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     The Midland Defendants admit that MCM sent a letter to Plaintiff dated March 13, 2013 and admit that the letter speaks for itself.  The Midland Defendants deny any remaining allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     The Midland Defendants admit that MCM sent letters to Plaintiff and admit that the letters speak for themselves.  The Midland Defendants deny any remaining allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     The Midland Defendants lack information to admit or deny the allegations contained in paragraph 46 of the Complaint, and therefore, the allegations are denied.

47.     The Midland Defendants deny the allegations contained in paragraph 47 of the Complaint.

48.     The Midland Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     The Midland Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     The Midland Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     The Midland Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     The Midland Defendants deny the allegations contained in paragraph 52 of the Complaint.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT MIDLAND FUNDING, LLC

53.     The Midland Defendants incorporate their responses to paragraphs 1-52 of the Complaint.

54.     The Midland Defendants deny the allegation contained in paragraph 54 of the Complaint.

55.     The Midland Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     The Midland Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     The Midland Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     The Midland Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     The Midland Defendants deny the allegations contained in paragraph 59 of the Complaint.

454743.1

**MIDLAND FUNDING, LLC AND MIDLAND CREDIT MANAGEMENT, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT – PAGE 8**

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

60.     The Midland Defendants incorporate their responses to paragraphs 1-59 of the Complaint.

61.     The Midland Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.     The Midland Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     The Midland Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     The Midland Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     The Midland Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.     The Midland Defendants deny the allegations contained in paragraph 66 of the Complaint.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT MIDLAND FUNDING, LLC

67.     The Midland Defendants incorporate their responses to paragraphs 1-66 of the Complaint.

68.     The Midland Defendants lack information to admit or deny the allegations contained in paragraph 68 of the Complaint and therefore the allegations are denied.

69.     The allegations contained in paragraph 69 call for legal conclusions to which no response is required.  To the extent that the Court deems that a response is required, the Midland Defendants lack information or belief as to the allegations contained in paragraph 69 and therefore deny those allegations.

70.     The Midland Defendants deny the allegation contained in paragraph 70 of the Complaint.

71.     The allegations contained in paragraph 71 call for legal conclusions to which no response is required.  To the extent that the Court deems that a response is required, the Midland Defendants lack information or belief as to the allegations contained in paragraph 71 and therefore deny those allegations.

72.     The Midland Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     The Midland Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     The Midland Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     The Midland Defendants deny the allegations contained in paragraph 75 of the Complaint.

76.     The Midland Defendants deny the allegations contained in paragraph 76 of the Complaint.

77.     The Midland Defendants deny the allegations contained in paragraph 77 of the Complaint.

## DEMAND FOR JURY TRIAL

No response is necessary because no allegations are asserted.

## AFFIRMATIVE DEFENSES

By way of further answer, Midland entities plead the following affirmative defenses:

1.  Plaintiff's claim fails to state a claim for which relief may be granted.

2.  The Midland Defendants further plead that constitutional and statutory damage caps apply to this Complaint.

3.  The Midland Defendants are not liable for any of the claims in Plaintiff's Complaint because the Midland Defendants conduct at all times complied, and was in good faith conformity, with all applicable contracts, laws, and regulations.

4.  Plaintiff's claims may be subject to an arbitration agreement.

5.  Plaintiff's claims against the Midland Defendants for violations of 15 U.S.C. § 1692 et seq. for: (1) "reporting the non-existent alleged Account on Plaintiff's Experian consumer report after validation was requested," (2)"continuing to communicate the false Account to Plaintiff's Experian consumer report after numerous disputes," and (3)"communicating false credit information, including the failure to communicate that the alleged Account is disputed" are preempted by 15 U.S.C. § 1681 et seq.

6.   The Midland Defendants acts were proper in all respects pursuant to all state and federal statutes.

7.   Plaintiff failed to mitigate her damages.

8.   The Midland Defendants are not responsible for the acts of third parties which may have caused Plaintiff's damages.

9.   The Midland Defendants' liability, if any, is eliminated by 15 U.S.C. § 1692k(c) because any violations by the Midland Defendants were not intentional, but resulted from a bona fide error notwithstanding the use of reasonable procedures adopted by the Midland Defendants to avoid such error.

10. The Midland Defendants reserve the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation.

For the above reasons Midland Credit Management, Inc. and Midland Funding LLC respectfully request that Plaintiff take nothing by her Complaint and for such other and further relief to which it may be entitled.

Respectfully submitted,

By:   /s/ Gregg D. Stevens
      **Gregg D. Stevens**
      State Bar No. 19182500
      **Aimee G.Szygenda**
      State Bar No. 24027054
      **MCGLINCHEY STAFFORD, PLLC**
      2711 N. Haskell Avenue
      Suite 2750, LB 38
      Dallas, Texas 75204
      Telephone: (214) 445-2406
      Facsimile: (214) 445-2450

      **ATTORNEYS FOR DEFENDANT
      MIDLAND FUNDING, LLC AND
      MIDLAND CREDIT MANAGEMENT,
      INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of August, 2013, a true and correct copy of the above and foregoing was served upon Pro se Plaintiff, Erika Nelson, via certified and regular mail.

<u>*/s/* Gregg D. Stevens</u>
**Gregg D. Stevens**